IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

LATONYA HARRIS, on behalf of herself                                                          PLAINTIFF
and all other similarly situated persons

v.                                          No. 2:08CV00109 JLH

SAGAMORE INSURANCE COMPANY                                                            DEFENDANT

**OPINION AND ORDER**

This case is round two of an effort to pursue a class action against Sagamore Insurance Company based on allegations that Sagamore failed to provide the no fault coverages required by Arkansas law, unless the insured waives the coverage in writing.  *See* ARK. CODE ANN. §§ 23-89-202-03, 209 (2004); ARK. CODE ANN. § 23-89-403-04 (2004 & Supp. 2007).  The named plaintiff in this second round is Latonya Harris.  The named plaintiff in round one was Gwendolyn Toller.  The plaintiff's lawyers in both cases are the same.  Both cases were commenced in the Circuit Court of Phillips County, Arkansas.  Sagamore removed both cases to this Court.  The plaintiffs in both cases filed a motion to remand.  The Court denied the motion to remand in Toller.  *See Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924 (E.D. Ark. 2008).  After the Court denied the motion to remand in *Toller*, the plaintiff filed a motion to dismiss the action without prejudice pursuant to Rule 41(a)(2).  That motion was granted without objection, after which this case was commenced.

The allegations in this case and the allegations in *Toller* are substantially the same, with one exception.  In *Toller*, the complaint sought not only damages but also declaratory and injunctive relief.  The Court ultimately denied the motion to remand because the amount in controversy of the declaratory and injunctive relief exceeded five million dollars, and the other elements for diversity jurisdiction under the Class Action Fairness Act were met.  The complaint naming Harris as the class representative makes substantially the same allegations as did the complaint in *Toller* but does not

seek any declaratory or injunctive relief. In *Toller*, the complaint disclaimed any claim for damages in excess of $4,999,999, but that disclaimer was undercut by the request for declaratory and injunctive relief. Had the plaintiff in *Toller* prevailed in obtaining the requested declaratory and injunctive relief, the disclaimer of damages in excess of $4,999,999 would have been meaningless because each member of the class would have been entitled to certain coverages regardless of that disclaimer, so it was necessary for the Court to ascertain the value of those coverages in order to determine the amount in controversy. Here, however, the complaint does not seek any declaratory or injunctive relief. Instead, the complaint seeks aggregate compensatory class-wide damages in the amount of $2,802,934, which includes $1,658,105 for unpaid no fault medical coverage claims; $894,834 for unpaid no fault uninsured and underinsured claims; and an amount not to exceed $250,000 for unpaid no fault death and disability claims. In addition, the complaint seeks 12% penalty in the amount of $336,352 and reasonable attorneys' fees in the amount of $1,046,428.[1] In addition, the plaintiff seeks 12% penalties in the amount of $336,352 and attorneys' fees in the amount of $1,046,428. The total damages sought in the complaint are $4,185,719. The complaint expressly disclaims any damages exceeding $4,999,999.

In reviewing a motion to remand, the Court must resolve all doubts in favor of remand to state court. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking to invoke federal jurisdiction has the burden of proving that the requisite amount in controversy has been met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). When the complaint "alleges no specific amount of damages or an amount under the jurisdictional minimum," the removing party must prove by a preponderance of the evidence that the amount in

---

[1] These are the numbers in the complaint. However, according to the Court's math, the aggregate compensatory class-wide damages sought amount to $2,802,939, not $2,802,934.

controversy requirement is met. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "'The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.'" *Id*. (quoting *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)).

> In *Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006), the court said:
>
> The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")  CAFA does not change the proposition that the plaintiff is the master of her own claim. *See, e.g.,* [*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)] (noting that "a removing defendant can't make the plaintiff's claim for him; as master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold").

The rule that the plaintiff can avoid federal jurisdiction by seeking damages less than the minimum amount for diversity jurisdiction is subject to a good faith requirement. *Id*.  Here, the damages sought for the class as a whole represent estimates of the number of claims on behalf of the class as a whole and average amounts for those claims as shown in information provided to the Court in support of and in opposition to the motion to remand in *Toller*.  *See Toller*, 558 F. Supp. 2d at 929.[2]  Although this Court in *Toller* rejected reliance on those estimates and averages as a method for valuing the declaratory and injunctive relief sought there, the Court did not and does not doubt that those estimates and averages were determined in good faith.  Indeed, those estimates and averages are based on information provided by Sagamore.

---

[2] The estimates in *Toller* did not include the $250,000 for unpaid no fault death and disability claims.

Rule 8(a) of the Arkansas Rules of Civil Procedure provides, in pertinent part, "In claims for unliquidated damages, a demand containing no specified amount of money shall limit recovery to an amount less than required by federal court jurisdiction in diversity of citizenship cases, unless the language of the demand indicates that the recovery sought is in excess of such demand." The Reporter's Notes to Rule 8 say, "The obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." *See also Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 5, 972 S.W.2d 941, 943 (1998) (recognizing the Reporter's Note as an accurate statement of the rule's purpose); *Cox v. Vernon*, 94 Ark. App. 112, 114, 226 S.W.3d 24, 26 (2006).

"We note the potential availability of judicial estoppel arguments by the defendants should the plaintiffs in the future change legal positions in an attempt to achieve an award in excess of $5 million." *Morgan v. Gay*, 471 F.3d at 477 n.9. The Supreme Court of Arkansas recognizes the doctrine of judicial estoppel. *Dupwe v. Wallace*, 355 Ark. 521, 140 S.W.3d 464 (2004). On remand, should the plaintiffs request damages in excess of $4,999,999 for the class as a whole, that request would be clearly inconsistent with the position taken before this Court; it would suggest that the position taken before this Court was an attempt to manipulate the judicial process to gain an unfair advantage; the plaintiffs would have successfully maintained the position that they were disclaiming damages in excess of $4,999,999 such that this Court relied upon that disclaimer; and the integrity of the judicial process of this Court would be impaired or injured by the subsequent inconsistent position. All of the elements of judicial estoppel as recognized by the Supreme Court of Arkansas would be present. *Id*. at 533-34, 140 S.W.3d at 472. In view of that court's adoption of a rule of civil procedure the purpose of which is to prevent plaintiffs from avoiding removal to federal court based on diversity jurisdiction, and in view of that court's recognition of the doctrine of judicial

estoppel, this Court is convinced that the Supreme Court of Arkansas would not permit a plaintiff to recover damages in excess of the minimum amount for federal diversity jurisdiction after expressly disclaiming such damages in the complaint. This Court can say to a legal certainty that the Arkansas courts will not permit the plaintiff to recover damages for the class as a whole in excess of $4,999,999.[3] If the aggregate claims of the class exceed that amount, the Arkansas courts will be able to prorate the recoverable damages among the members of the class. "We do caution, however, that the plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement. The plaintiff has made her choice, and the plaintiffs in state court who choose not to opt out of the class must live with it." *Morgan*, 471 F.3d at 477-78.

## CONCLUSION

For the reasons stated above, the Court has concluded that the amount in controversy in this case does not meet the minimum amount for federal diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The motion to remand is GRANTED. Document #9.

IT IS SO ORDERED this 3rd day of November, 2008.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[3] Should the plaintiffs file an amended pleading or other paper from which it may be ascertained that the class intends to request damages exceeding $4,999,999, this action then would be removable. *See* 28 U.S.C. § 1446(b). *Cf. Troutman Oil*, 334 Ark. at 5-6, 972 S.W.2d at 943 (recognizing that the defendants had the right to remove the case to federal court after being served with interrogatory answers stating that damages were sought in the amount of $184,950).